UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO ROJAS SALAZAR, | No. 1:26-cv-04644-DAD-AC (HC) |
| Petitioner, | |
| v. | ORDER GRANTING PETITION FOR WRIT OF *HABEAS CORPUS* AND DENYING PENDING MOTION FOR A TEMPORARY RESTRAINNG ORDER AS MOOT |
| WARDEN OF THE MESA VERDE DETENTION CENTER, et al., | |
| Respondents. | (Doc. Nos. 1, 2) |

On June 16, 2026, petitioner, proceeding through counsel, filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241, challenging his detention by the United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed a motion for temporary restraining order requesting his immediate release. (Doc. No. 2.) Thereafter, the court set a briefing schedule as to petitioner's motion for a temporary restraining order and directed respondents to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 4.) In addition, the court directed that if respondents opposed the court ruling on the underlying *habeas corpus* petition based on the briefing currently before it, respondents were to indicate in the opposition and provide substantive reasons in support of that position. (*Id.*)

1

On June 17, 2026, respondents filed an opposition to the motion for temporary restraining order. (Doc. No. 6.) In that opposition, respondents argued that petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2) (*id.* at 1–3), an argument which the undersigned has rejected on several prior occasions. *See Wasef v. Chestnut*, No. 1:26-cv-01078-DAD-JDP (HC), 2026 WL 392389, at *2–3 (E.D. Cal. Feb. 12, 2026). Respondent otherwise concedes that the prior decision cited by the court in its June 16, 2026 order are not substantively distinguishable from this one. (*Id.* at 3.) Finally, if the court does not stay this case, respondent has not objected to the court ruling on the petition based upon the present briefing.

Based upon a review of the briefing, the court finds the following facts. Petitioner is a citizen of Mexico. (Doc. No. 1 at 1.) Petitioner entered the United States via Arizona in 1998 without inspection. (*Id.* at 4.) While in Utah on or about May 15, 2026, petitioner encountered local law enforcement while in a vehicle that was stopped due to a broken taillight. (Doc. No. 2 at 3.) He was then placed in immigration detention where he remains. (*Id.*)

Pursuant to the reasoning set forth in the court's prior order in *Quichimbo-Jimenez v. Warden, Cal. City Corr. Ctr.*, No. 2:26-cv-00739-DAD-EFB, 2026 WL 679378, at *1–2 (E.D. Cal. Mar. 10, 2026), contrary to respondent's argument, the court concludes that petitioner cannot be detained pursuant to 8 U.S.C. § 1225(b)(2). *See, e.g., Lopez Lopez v. Warden*, No. 1:26-cv-03556-DAD-CKD, 2026 WL 1346694, at *3 (E.D. Cal. May 14, 2026) (incorporating the reasoning of *Quichimbo-Jimenez* and applying it to immigration detainees who entered the United States without inspection, were not apprehended upon arrival, and are not otherwise subject to mandatory detention). Considering the concession by respondents in their brief, the court adopts its reasoning in *Quichimbo-Jimenez* and *Lopez Lopez*, and further concludes that petitioner's current immigration detention violated his procedural due process rights.

For the reasons above,

1. Petitioner's petition for writ of *habeas corpus* (Doc. No. 1) is GRANTED as follows:

   a. Respondents are ORDERED to immediately release petitioner, Mario Rojas Salazar, A-File No. 222-557-383, from respondents' custody on the

2

conditions, if any, he was subject to prior to his detention on or about May 15, 2026;

    b.    Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge, at which hearing the burden will be set in accordance with 8 U.S.C. § 1226(a), and its implementing regulations;

3.    Petitioner's motion for a temporary restraining order (Doc. No. 2) is hereby DENIED as moot in light of this order granting his *habeas corpus* petition on the merits;

4..    The Clerk of the Court is directed to serve a copy of this order on the warden of the Mesa Verde Detention Center; and

5.    The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:   **June 29, 2026**                  _____

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3